UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant. | Case No. 12-cv-02997-JCS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>**Dkt. Nos. 27** |

**I.  INTRODUCTION**

    Plaintiff Monica Martinez filed this action seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her Application for disability insurance and Supplemental Security Income benefits under the Social Security Act.  On January 28, 2014, this Court granted Plaintiff's motion for summary judgment, denied the Commissioner of Social Security Administration's cross-motion for summary judgment, reversed the decision by the Administrative Law Judge ("ALJ"), and remanded for further proceedings.  *See* Dkt. No. 24 ("SJ Order").  Plaintiff now brings a Motion for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (hereafter, "Motion"), contending an award of attorneys' fees is warranted because the government's position in the underlying litigation was not substantially justified.  For the following reasons, Plaintiff's Motion is DENIED.[1]

**II.  BACKGROUND**

    In granting Plaintiff's motion for summary judgment, the Court found one of Plaintiff's

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

four arguments meritorious.[2] After the ALJ rendered his decision on Plaintiff's disability claim on March 7, 2011, Plaintiff submitted new evidence to be considered by the Appeals Council on August 12, 2011. AR 894-904. The Ninth Circuit has held that when a claimant submits new evidence to the Appeals Council, and that evidence is considered in denying review of the ALJ's decision, "the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). In the summary judgment order, this Court found that the ALJ's decision was not "supported by substantial evidence when taking into account new evidence submitted for the first time to the Appeals Council, which the ALJ did not have the previous opportunity to consider." SJ Order at 29.

The new evidence submitted to the Appeals Council consisted of: (1) a x-ray of Plaintiff's lumbar spine taken on March 10, 2011 (AR 894-95); (2) a MRI of Plaintiff's lumbar spine taken on March 27, 2011 (AR 896-98); (3) a MRI of Plaintiff's cervical spine taken on April 27, 2011 (AR 899-901); and, (4) a discharge summary written by the California Pacific Medical Center in San Francisco on February 22, 2011, following a two-day hospitalization after Plaintiff attempted suicide (AR 902-04). The Court found that all of this evidence "related to" the relevant time period, which ended when the ALJ rendered his decision on March 7, 2011. SJ Order at 30; *see also* 20 C.F.R § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.").

The Court held that the ALJ's decision was not supported by substantial evidence when taking into account the new evidence submitted to the Appeals Council. With respect to Plaintiff's physical impairments, the Court noted that "some of the language used in the 2011

---

[2] The Court rejected Plaintiff's contentions that (1) the ALJ committed legal error by articulating an ambiguous residual functional capacity ("RFC"), (2) the ALJ's decision was not supported by substantial evidence because the vocational expert relied on the ALJ's ambiguous RFC, and (3) the ALJ's decision was not supported by substantial evidence because the limitations proposed by Dr. Senter, Plaintiff's treating physician, should have been treated "as a matter of law." SJ Order at 25-29.

1   MRIs may suggest a worsening of Plaintiff's degenerative disc disease." SJ Order at 34.  With
2   regard to Plaintiff's mental impairments, the Court found that the discharge summary following
3   Plaintiff's suicide attempt specifically contradicted evidence relied on by the ALJ.  The ALJ had
4   mentioned Plaintiff's GAF score of 55-60, which indicates a "mild" mental impairment, and had
5   also written that "there are no documented psychiatric hospitalizations in the record." AR 23, 26.
6   The discharge summary, however, *was* a documented psychiatric hospitalization, and the
7   discharge summary also indicated that Plaintiff had a lower GAF score of 50.  *See* SJ Order at 31-
8   32.

9   The Court found that the ALJ's credibility determination "may" be influenced by the new
10  evidence that was not previously available to the ALJ.  The ALJ had found Plaintiff's subjective
11  complaints "not credible" to the extent inconsistent with his findings.  AR 24.  The Court wrote
12  that "[t]he fact Plaintiff attempted suicide and was involuntarily admitted to a hospital suggests
13  that her testimony [regarding limitations caused by mental impairments] may be more credible
14  than initially believed." SJ Order at 33.  The Court also wrote that "[i]f the new MRIs show a
15  worsening of Plaintiff's degenerative disc disease, then Plaintiff's subjective complaints of pain
16  would be supported by more objective medical evidence." *Id*. at 34.  For these reasons, the Court
17  held that the ALJ's decision was not supported by substantial evidence when taking into
18  consideration the new evidence submitted to the Appeals Council.

## III.  LEGAL STANDARD

20  The EAJA provides that "a court shall award to a prevailing party … fees and other
21  expenses incurred by that party in any civil action … including proceedings for judicial review of
22  agency action, brought by or against the United States … unless the court finds that the position of
23  the United States was substantially justified or that special circumstances make an award unjust."
24  28 U.S.C. § 2412(d)(1)(A).  "Although a plaintiff seeking fees under the EAJA must allege that
25  the government's position was not 'substantially justified,' it is the government's burden to
26  establish that the position of the United States *was* substantially justified." *Nguyen v. Astrue*, No.
27  10-4807 JCS, 2012 WL 4482585 (N.D. Cal. Sept. 28, 2012) (citing *Scarborough v. Principi,* 541
28  U.S. 401, 414 (2004)).  Whether the government's position was substantially justified is a question

3

of reasonableness, and courts look to whether the government's position had a reasonable basis in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 564-565 (1988); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "The court must examine whether the government was substantially justified in its original act and its decision to defend it in court." *Jaureque v. Colvin*, No. 11-06358 CRB, 2013 WL 5645310 (N.D. Cal. Oct. 16, 2013) (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

## IV. ANALYSIS

### A. Whether the Motion is Timely

The EAJA requires that a motion for fees and costs be submitted within thirty days of "final judgment." *See* 28 U.S.C. § 2412(d)(1)(B). "Congress amended the EAJA in 1985 to define 'final judgment' as 'a judgment that is final and *not* appealable.'" *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1082 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(2)(G) (emphasis added in *Al-Harbi*)). The Ninth Circuit, along with every circuit court to have considered this issue, construes the EAJA's "definition of 'final judgment' as designating the date on which a party's case has met its final demise, such that there is no longer any possibility that the district court's judgment is open to attack." *Al-Harbi*, 284 F.3d at 1084 (quoting *Myers v. Sullivan*, 916 F.2d 659, 669 (11th Cir. 1990) (internal quotations and citation omitted)). Thus, "the 30-day period during which an applicant can file for EAJA fees begins to run only after the 90–day time for filing a petition for writ of certiorari with the Supreme Court has expired." *Al-Harbi*, 284 F.3d at 1083.

Plaintiff had 120 days to file a motion for fees and costs under the EAJA. *See id.* This Court entered judgment on January 29, 2014. Dkt. No. 25. Plaintiff filed the Motion on April 27, 2014, eighty-eight days after this Court's entry of judgment. Therefore, the Motion was timely, as it was filed within 120 days of "final judgment" within the meaning of the EAJA.

### B. Whether the Commissioner's Position was Substantially Justified

The Commissioner was substantially justified in contending that the ALJ's decision was supported by substantial evidence, even when taking into account the new evidence. Although the Court found the new MRIs "may suggest a worsening of Plaintiff's degenerative disc disease," SJ Order at 34, the 2011 MRIs are not themselves indicative of Plaintiff's physical limitations.

4

1  Plaintiff did not submit any evidence showing that her functional limitations were more severe
2  than had been initially determined by the physicians reviewing Plaintiff's earlier MRIs.
3  Moreover, while the discharge summary following Plaintiff's suicide attempt suggests that
4  Plaintiff's mental impairments were more severe than initially determined by the ALJ, no
5  functional limitations were assessed upon discharge, and no other medical records were provided
6  regarding Plaintiff's mental impairments following the suicide attempt.  The fact the ALJ's
7  decision is not supported by substantial evidence when the new evidence is taken into account
8  does not mean the Commissioner was unjustified in arguing otherwise.

9  Indeed, Plaintiff did not challenge the ALJ's partial adverse credibility determination
10 during judicial review of her case.  In *Lewis v. Barnhart*, the Ninth Circuit upheld the district
11 court's denial of a motion for fees under the EAJA in part because of "testimony in the record that
12 may reasonably be viewed as casting doubt on [the plaintiff's] statements in her benefits
13 application."  281 F.3d 1081, 1084 (9th Cir. 2002).  In *Jaureque v. Colvin*, the district court found
14 the Commissioner substantially justified in defending an adverse fatigue finding "because the
15 inferences upon which it rested had substance in the record" and the Commissioner cited evidence
16 in support of the finding.  No. 11-6358 CRB, 2013 WL 5645310, at *2-3 (N.D. Cal. Oct. 16,
17 2013).  The *Jaureque* court noted that, by contrast, "courts have been reluctant to find substantial
18 justification where the ALJ rejects 'fatigue testimony without explaining her reasons.'" *Jaureque*,
19 2013 WL 5645310, at *3 (quoting *Williams v. Colvin,* No. C–11–02962, 2013 WL 4758190, *3
20 (N.D. Cal. Sept. 4, 2013)).

21 In this case, the ALJ supported the partial adverse credibility finding with specific reasons
22 and several citations to the record.  The ALJ noted that Plaintiff had "stated in a treatment note
23 that she has been building a case for 15 years to get social security benefits." AR 24.  The ALJ
24 also noted that Plaintiff "has reported that the only reason she is staying in treatment [for her
25 mental health issues] 'is SSI.'"  *Id*.  The ALJ found that Plaintiff gave inconsistent reports of her
26 treatment history and employment history, and cited specific parts of the Administrative Record to
27 support this finding.  *See* AR 25.  Although the Court found in the summary judgment order that
28 the new evidence "may" affect the ALJ's credibility determination, SJ Order at 31, the Court

certainly did not indicate that it would.  *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.").  The Commissioner was substantially justified in contending that the new evidence, which did not speak to any functional limitations, was insufficient to tip the scale in Plaintiff's favor, especially in light of the evidence undermining Plaintiff's credibility.

In the Motion, Plaintiff focuses on this Court's disagreement with Commissioner's contention that the new evidence did not "relate" to the relevant period prior to the ALJ's decision.  The Commissioner argued that the new evidence relating to Plaintiff's physical impairments, consisting of two MRIs and an x-ray of Plaintiff's lumbar and cervical spine, did not relate to the relevant period because it was dated after the ALJ rendered his decision.[3]  *See* AR 894-901.  While incorrect, this argument was substantially justified because the physical evidence was dated after the ALJ's decision.  In any event, whether this evidence relates to the relevant period is only a preliminary requirement—the new evidence must then render the ALJ's decision unsupported by substantial evidence.  For the reasons discussed above, the Commissioner was substantially justified in contending that the new evidence, none of which spoke to Plaintiff's functional limitations, and all of which must be considered in light of the ALJ's partial adverse credibility finding, did not render the ALJ's decision unsupported by substantial evidence.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 14, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[3] The Commissioner did not argue that the discharge summary following the suicide attempt did not relate to the relevant period.  The Commissioner also acknowledged that not all of the evidence was dated after the ALJ's decision.  *See* Dkt. No. 20 (Commissioner's Motion for Summary Judgment) at 5, 7-8.